DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Eric Otto, appeals from the judgment of the Medina County Court of Common Pleas. We affirm.
 I. {¶ 2} On September 6, 2006, Appellant, Eric Otto, pled guilty to one count of theft from the elderly, a violation of R.C. 2913.02(B)(3), a felony of the third degree. On October 16, 2006, Otto was sentenced to a five-year term of incarceration, which the court suspended, and five years of community control. Otto was ordered to serve 30 days of incarceration and pay $1000 in restitution. Otto was additionally ordered to pay $600 per month until he paid back the $11, 500 he owed to the victim. Lastly, Otto was ordered *Page 2 
not to consume or possess any alcoholic beverages, to attend a minimum of three Alcoholics Anonymous meetings per week, obtain and maintain gainful full-time employment, pay the cost, attorney fees and supervision fees, and refrain from contacting the victim for five years. The trial court informed Otto that if he failed to abide by the terms and conditions of the probation, it would order a five-year prison sentence. Otto did not appeal the sentence.
 {¶ 3} On February 1, 2007, a capias was issued for Otto for violating conditions of the court's sentencing order. On February 26, 2007, Otto pled not guilty to the probation violation charges. On March 2, 2007, the probation officer initiated a community sanction/violation of supervision complaint. On March 9, 2007, Otto entered an admission to all the violations except one stemming from an incident in Cuyahoga County. The trial court accepted Otto's admissions to the violations and deemed him a probation violator. The trial court imposed a five-year term of incarceration.
 {¶ 4} Otto timely appealed the trial court's order.
 II. {¶ 5} Otto's counsel did not raise an assignment of error. In accordance with Anders v. California (1967), 386 U.S. 738, Otto's counsel has asserted that he is unable to find any issue upon which to argue error below. We agree.
 {¶ 6} Otto filed several responses to his counsel's Anders' brief. However, each response was stricken as untimely. Upon our own full, independent examination of the *Page 3 
record before this Court, we find that there are no appealable, non-frivolous issues in this case. See State v. Lowe (Apr. 8, 1998), 9th Dist. No. 97CA006758, at *2.
 III. {¶ 7} We affirm the judgment of the Medina County Court of Common Pleas. Otto's counsel's motion to withdraw as counsel is hereby granted.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30. *Page 4 
Costs taxed to Appellant.
 CARR, P. J. DICKINSON, J. CONCUR *Page 1